IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMBERLYN D. HOLT, a minor, by and
through KIMBERLY R. HOLT and
KENNETH F. HOLT, her parents, natural
guardians and next friends, and KIMBERLY
R. HOLT and KENNETH F. HOLT,
individually,

                Plaintiffs,


                vs.                      Case No. 00-1318-JTM


WESLEY MEDICAL CENTER, LLC, a
Kansas Corporation, d/b/a Wesley Medical
Center; WICHITA CENTER FOR
GRADUATE MEDICAL EDUCATION,
INC., a Kansas corporation; BENJAMIN J.
HARRIS, M.D.; CLIFFORD S. DEPEW,
M.D.; JAMES E. DELMORE, M.D.,

                Defendants.


## MEMORANDUM AND ORDER

      This matter comes before the court on the plaintiffs' motions to strike several experts.

Plaintiffs contest the completeness of defendants' expert reports and the timeliness of

supplements filed to bring the expert reports in compliance with federal rules.  The court will

address the motion to strike for each expert separately.

## I. STANDARD OF REVIEW

      Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony.  It

provides in relevant part that a party must disclose any person whom it plans to use at trial to

present expert evidence.  Fed. R. Civ. P. 26(a)(2)(A).  The expert must submit a report that "shall

contain a complete statement of all opinions to be expressed and the basis and reasons therefor."

Fed. R. Civ. P. 26(a)(2)(B).  The rule also requires disclosure of the following:

> the data or other information considered by the witness in forming the opinions;
> any exhibits to be used as a summary of or support for the opinions; the
> qualifications of the witness, including a list of all publications authored by the
> witness within the preceding ten years; the compensation to be paid for the study
> and testimony; and a listing of any other cases in which the witness has testified as
> an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).  The  report permits a party to "set forth the substance of the direct

examination" of the expert witness well in advance of the trial.  Schmitt v. Beverly Health and

Rehabilitation Services, Inc., No.Civ.A 96-2537-EEO, 1997 WL 728133, at *3 (D. Kan. Nov. 19,

1997) (citing Robinson v. Missouri Pac. R.R., 16 F.3d 1083, 1089 n. 6 (10th Cir. 1994); Fed. R.

Civ. P. 26(a)(2) advisory committee's note (1993 amend.)).  Where the court has not set the

timetable for disclosure, the rule requires disclosure at least 90 days before the trial date, or the

date the case is to be ready for trial.  Fed. R. Civ. P. 26(a)(2)(B).

The rules contemplate periodic supplementation, providing for both an update of the

information contained in the report and the information provided through deposition of the expert

testimony.  Fed. R. Civ. P. 26(e)(1); Majewski v. Southland Corp., 170 F.R.D. 25, 26 (D. Kan.

1996).  These supplements are due as provided under Fed. R. Civ. P. 26(a)(3).

The rules also include sanctions for insufficient disclosures.  Fed. R. Civ. P. 37(c)(1). It

provides:

> A party that without substantial justification fails to disclose information required
> by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by
> Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence
> at a trial, at a hearing, or on a motion any witness or information not so disclosed.
> In addition to or in lieu of this sanction, the court, on motion and after affording

an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1).  A federal court in Kansas has interpreted this to mean:

The court must first consider whether the party has established "substantial justification" for the failure to disclose and then consider whether the failure to disclose was "harmless." Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance.  Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure. The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure.

Nguyen v. IBP, Inc., 162 F.R.D. 675, 679 -680 (D. Kan. 1995).  "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."  Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,  170 F.3d 985, 993 (10th Cir. 1999) (quoting Mid-America Tablewares, Inc. v. Mogi Trading Co., 100 F.3d 1353, 1363 (7th Cir. 1996).  A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose.  Id. (citing United States v. $9,041,598.68, 163 F.3d 238, 252 (5th Cir. 1998)).  Nevertheless, the following factors should guide its discretion: 1) the prejudice or surprise to the party against whom the testimony is offered; 2) the ability of the party to cure the prejudice; 3) the extent to which introducing such testimony would disrupt the trial; and 4) the moving party's bad faith or willfulness.  Id.  See Newman v. GHS Osteopathic Inc., 60 F.3d 153 (3d Cir. 1995) (quoting Bronk v. Ineichen, 54 F.3d 425, 428 (7th Cir.1995)); Cf. $9,041,598.68, 163 F.3d at 252 (enumerating a similar list of

3

factors to determine whether inclusion of last-minute evidence is harmless); Smith v. Ford Motor Co., 626 F.2d 784, 797 (10th Cir. 1980) (applying these four factors to determine whether the district court abused its discretion in allowing testimony not specified in the pretrial order).

Where a party may have provided inadequate or untimely disclosure, the court may preclude that witness from testifying as to specific opinions not previously disclosed in the report. Fed.R.Civ.P. 37(c)(1). The court may also impose other sanctions it deems appropriate including reasonable expenses. Fed.R.Civ.P. 37(c)(1).

## II. MOTION TO STRIKE EXPERT BRUCE FLAMM'S EXPERT TESTIMONY

Plaintiffs move for the court to strike defendant Wesley Medical Center's (hereafter "Wesley") designation of Dr. Bruce L. Flamm as an expert for failure to comply with Fed.R.Civ.P. 26(a)(2)(B), pursuant to Fed.R. Civ.P. 26(e)(1) and 37(c)(1) and local rules. Plaintiffs also ask the court to strike Dr. Flamm's supplemental disclosure.

Defendant Wesley originally submitted a disclosure of Dr. Flamm's expert testimony on May 1, 2002, which included Dr. Flamm's expert report and curriculum vitae. The report did not include a list of cases in which he had provided testimony. Defendant also did not supplement Dr. Flamm's report after this date. On October 2, 2005, plaintiffs filed the present motion to strike arguing defendants failed to include "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years" as required under Fed. R. Civ.P. 26(a)(2)(B). On October 4, 2005, defendant Wesley filed a "Supplemental Disclosure." Plaintiffs then filed a motion to strike the supplemental motion on the grounds that it was untimely and that the report still failed to comply with federal disclosure requirements. In particular, plaintiffs argued that there was no "complete, accurate, detailed accounting of Dr.

4

Flamm's prior deposition and trial testimony pursuant to Rule 26(a)(2)(B)."  Dkt. No. 475, at p. 3.

Defendant Wesley admits that the original disclosure did not include a list of cases and that the supplemental disclosure was seven days late based on the October 25, 2005 trial date. Defendant, however, faults plaintiffs for not filing a motion to compel the information or contacting defense counsel to ask for the information.  Furthermore, defendant Wesley states that the supplemental disclosure is sufficient because plaintiffs also only gave limited information about their expert's prior deposition and trial work, in particular the reports of plaintiffs' expert Dr. Jeffrey Phelan and Sharon Lundstrom.  Alternatively, defendant argues that their oversight should be considered excusable neglect.

In reviewing the two motions, the court finds that defendant Wesley failed to comply with the disclosure requirements of Fed.R.Civ.P. 26.  As defendant readily admits, counsel did not include Dr. Flamm's prior deposition and trial work.  However, in light of the supplementation, the oversight in Dr. Flamm's report has been corrected.  There is no indication that the failure to include trials from May 2002 to the present date was a result of bad faith.  Defendant Wesley's timely supplementation of other expert reports indicates that it was conscientious but may have inadvertently overlooked including the list of testimonies. Striking the expert testimony appears to be too harsh a remedy where plaintiffs already had the most critical information and the supplementation was only seven days late.  There is no indication that plaintiffs sought out information about the expert in the three years that lapsed since the initial disclosure.  The motion appears to be a last-minute attempt to strike defendant's expert based solely on an oversight.  If the court grants plaintiffs' motion, it would likely discourage communication

among the parties and encourage use of last-minute procedural motions to undermine meaningful review of this case.

In accepting the supplemental report, the court must still consider whether the supplemental material satisfies the disclosure requirements of Rule 26. The plain language of Rule 26 requires that the disclosing party include "a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years." Fed.R.Civ.P. 26(a)(2)(B). One court has interpreted this to mean at a minimum that the disclosing party should include the court or administrative agencies, the name of the parties, the case number, and whether the testimony was by deposition or at trial. Nguyen v. IBP, 162 F.R.D. 675, 682 (D. Kan. 1995). Although additional information, such as the court or administrative agency, the case number and whether the testimony was by deposition or at trial, may be necessary for plaintiffs to locate prior testimony, such information may not be absolutely necessary where the parties may have access to this information because of previous litigation or through the course of discovery. To prevent unfairness, plaintiffs may ask for further case information if they are having problems locating the cases identified on the expert's list. However, the lack of communication about this matter for three years appears to indicate that the incomplete disclosure may not have been as pressing an issue as the plaintiffs now seem to argue.

During the filing of these motions, the court reset the trial date because of scheduling conflicts with the criminal docket. With the new trial date set in 2006, plaintiffs are afforded additional time to review the disclosed material. Under these circumstances, the court finds that the disclosure is adequate and any prejudice to plaintiffs is harmless. Thus, the court denies both motions to strike.

## III. MOTION TO STRIKE EXPERT JOHN M. MALONE

Plaintiffs move for the court to strike defendant James E. Delmore's designation of John M. Malone as an expert for failure to comply with Fed.R.Civ.P. 26(a)(2)(B), pursuant to Fed.R. Civ.P. 26(e)(1) and 37(c)(1) and local rules. Specifically, plaintiffs argue that defendant did not disclose the cases in which Dr. Malone had previously testified as an expert at trial or by deposition in either his initial disclosure on May 1, 2002, or in any subsequent supplementation. A defense counsel letter did explain that Dr. Malone was unable to provide a list of cases that he reviewed or testified on because the information was lost when his hard drive crashed in September 2001.  Plaintiffs urge the court to find that the disclosure failed to comply with federal rules and that the federal rules require automatic exclusion of the information that should have been revealed.

Defendant Delmore admits that he did not disclose the expert information but asserts that reason was known to plaintiffs.  In the interim, plaintiffs filed no objections or motions to compel the expert.  Plaintiffs also did not confer on a possible solution to the issue or serve Dr. Delmore with any discovery request designed to gather information on the cases.  Defendant also argues that plaintiffs failed to move to strike the expert under Daubert as required by the pretrial order.  Defendant questions plaintiffs' argument that they are harmed or prejudiced by the information when plaintiffs did not do anything in the intervening three and half years about this matter. Defendant argues that he was substantially justified for failing to disclose the cases because the information had been lost in September 2001.

Clearly, defendant did not disclose the list of cases in which his expert was deposed or testified at trial, but Dr. Malone did provide a reason for the lack of inclusion.  Plaintiffs did not

complain about the omission in the intervening time.  In light of the circumstances, defendant was substantially justified in believing that plaintiffs accepted the problem defendant's expert encountered.  At present, it would be unfair to strike defendant's expert when defendant believed that plaintiffs' accepted the expert report as submitted.  Considering the lack of discussion about the incomplete case list until the eve of the October 2005 trial date, the motion to strike appears more tactical rather than a concern for the lack of information.  The absolute silence about this matter for more than three years leads the court to believe that there was no harm to plaintiffs from the lack of disclosure where the reason for the omission was clear.  Again, the court does not support a motion to strike being used as a last-minute tactical device to prevent defendant from effectively presenting his case.  Such an approach is contrary to the spirit of the rules and undermines a sense of professional courtesy.  Therefore, the court denies plaintiffs' motion.

## IV. MOTION TO STRIKE EXPERT CONRAD R. CHAO

Plaintiffs move for the court to strike defendant Wesley's designation of Dr. Conrad R. Chao as an expert for failure to comply with Fed.R.Civ.P. 26(a)(2)(B), pursuant to Fed.R.Civ.P. 26(e)(1) and 37(c)(1) and local rules.  Plaintiffs also ask the court to strike Dr. Chao's supplemental disclosure.

In particular, plaintiffs argue that the May 1, 2002 disclosure was incomplete because the expert report did not contain any mention of the documents, data or other information that the expert reviewed in preparing his report and provided the basis and reason for his opinion. Plaintiffs argue that no later document outlined, detailed or set forth the specific documents Dr. Chao reviewed.

In response, defendant admits that Dr. Chao's initial report did not meet the requirements

of Fed.R. Civ.P. 26(a)(2)(B) in that it failed to disclose the documents reviewed by Dr. Chao in forming his stated opinions. Defendant, however, did file a supplemental disclosure on October 4, 2005, seven days late. Defendants assert that plaintiffs never filed a motion to compel and never informally contacted counsel for Wesley to ask for the information not included in the initial expert report. Defendant advances several arguments for this court to deny the motion to strike. Defendant contends: 1) the plaintiffs have long been aware of Dr. Chao's basis and reasons because Dr. Chao is a rebuttal witness and his analysis is based on the same documents plaintiffs used to prosecute their residency program claims;  2) Dr. Chao's opinion is based on his curriculum vitae, which had been provided to plaintiffs in July 2002; 3) plaintiffs long ago waived any objections they could have to Dr. Chao's expert disclosure; 4) omissions in Dr. Chao's initial expert disclosure are harmless since the report has now been supplemented; 5) plaintiffs' motion to strike Dr. Chao was submitted out of time and should not be considered by the court; and 6) Dr. Chao's supplemental disclosure of October 4, 2005, should be accepted by the court on the grounds of "excusable neglect."

To this, plaintiffs reply that defendant admits that the report was incomplete and failed to comply with the rules of expert disclosure. They argue that they never waived any objection to defendant's deficient expert disclosure. Plaintiffs also counter defendant's argument that defendant's expert should be struck because plaintiffs also have not complied with the federal rules of disclosure.

After thoroughly reviewing the parties' arguments, the court finds that Dr. Chao's initial report was incomplete and did not comport with the requirements of the federal rules. At the same time, the court finds in its discretion that defendant's oversight was substantially justified

and harmless to plaintiffs.  Since Dr. Chao is a rebuttal witness, his testimony is based on the

same evidence on which plaintiffs base their claim, with his curriculum vitae stating his

additional qualifications.  With the basis of Dr. Chao's opinion already available through

plaintiffs' expert, the court does not find plaintiffs to be prejudiced.  The lack of discussion of

this issue until the eve of trial leads the court to believe that this motion is a tactical device.

There is no evidence that the introduction of Dr. Chao's testimony would unfairly prejudice

plaintiffs.  There is also no evidence of bad faith on the part of the defendant Wesley.  Under

these circumstances, the court finds no need to strike defendant's expert.

The supplemental disclosure cures any prejudice, if any ever existed.  In reviewing the

parties' specific arguments, the court finds no merit in plaintiffs' argument that the supplemental

disclosure fails to set forth "the substance of the direct examination" of his opinion.  Since Dr.

Chao is a rebuttal witness, the substance of his direct examination should be responsive to

plaintiffs' expert.  Dr. Chao's initial and supplemental reports disclose the main points of his

testimony.  At present, the court finds it best to permit Dr. Chao to testify and limit his direct

examination to the contents of his report, which would prevent any unfair surprise to plaintiffs.

As this court has already noted, there is no evidence of prejudice to the plaintiffs or bad faith on

the part of defendants.  There is also no indication that plaintiffs sought out information about the

substance of the expert's testimony until the eve of trial.  Thus, the court denies plaintiffs'

motion to strike the supplemental report.

## V. MOTION TO STRIKE EXPERT ALLEN STRINGER

Plaintiffs move for the court to strike defendant James E. Delmore's designation of Dr. C.

Allen Stringer as an expert for failure to comply with Fed.R.Civ.P. 26(a)(2)(B), pursuant to

Fed.R.Civ.P. 26(e)(1) and 37(c)(1) and local rules.

Specifically, plaintiffs argue that defendant Delmore did not disclose the basis and reason for his opinions and a detailed itemization of the data or other information reviewed by the expert, both in violation of the federal rules.

Defendant Delmore provides many of the same arguments included in the other responses to the motion to strike. Defendant states that: 1) plaintiffs did not request the basis and reasons for Dr. Stringer's opinion; 2) plaintiffs failed to file an objection or motion to compel within thirty days of the expert witness disclosure; 3) plaintiffs failed to contact Dr. Delmore's counsel to confer on a possible solution; 4) plaintiffs failed to serve Dr. Delmore with any discovery request designed to gather information on the basis and reason for the expert's option or the data or other information reviewed; and 5) plaintiffs did not move to strike defendant's expert based on the rules of evidence or <u>Daubert</u> by Feb. 17, 2003, as required by the pretrial order.  Defendant contends that plaintiffs' inaction creates the assumption that the omission is harmless and not prejudicial.  Defendant additionally notes that in a September 19, 2005 letter to plaintiffs' counsel, defendant disclosed the records Dr. Stringer reviewed for his report.

The court finds that defense counsel's supplementation of Dr. Stringer's report moots the issue of failure to disclose the basis and reason for the opinion and a detailed itemization of the data. The supplementation included the data reviewed that formed the basis and reason for Dr. Stringer's report.  Defendant's reliance on this disclosure is substantially justified and any error should be deemed harmless.  The court notes that plaintiffs remained remarkably silent about obtaining this information until the eve of trial.  Again, the court is led to believe the lack of communication on this issue indicates that the information may have been less pressing than

11

plaintiffs now argue.  There is no indication that plaintiffs will be prejudiced by the delayed

supplementation.  Based on the disclosed letters (Dkt. No. 492, Exhibit A), plaintiffs received

notice of the reviewed documents in advance of the trial. The pretrial order requested that

supplemental disclosures be made 30 days before trial.  A letter posted on September 19, 2005,

would be received before this deadline.  In these circumstances, striking defendant's expert

appears to be too harsh a remedy where defendant supplemented the original disclosure and

where there is no evidence of prejudice to plaintiffs.  Accordingly, the court denies the motion to

strike.

## VI. MOTION TO STRIKE EXPERT G. BRADLEY SCHAEFER'S SUPPLEMENTAL REPORT

Plaintiffs move for the court to strike defendant Wesley's supplemental disclosure of

expert G. Bradley Schaefer for failing to comply with Fed.R.Civ.P. 26(a)(2)(B), pursuant to

Fed.R.Civ.P. 26(e)(1) and 37(c)(1) and local rules.

Specifically, plaintiffs argue that defendant Wesley's expert testimony was due on May 1,

2002. At the time, Wesley designated Dr. Schaefer as an expert, allegedly as a genetics

consultant, producing his report to plaintiffs on or about May 1, 2002.  On October 12, 2005,

defendant Wesley filed a supplemental report from Dr. Schaefer dated October 10, 2005.

Plaintiffs argue that the supplemental report did not specify what, if any, additional records and

documents had been sent to Dr. Schaefer by defense counsel.  Plaintiffs also argue that the report

includes new theories concerning the alleged "cause" of Kimberlyn Holt's neurological

problems.  The report opines that "[t]he constellation of key finds noted in my two reports

regarding Kimber[lyn] indicate that the origin of her neurodevelopmental problems are not due to

12

brain injury, but rather due to developmental (in utero) problems."  Dkt. No. 472, Exhibit C.

Plaintiffs contend that to permit supplementation at this late date would be highly prejudicial to

plaintiffs, especially since the report now contains an entirely new and previously undisclosed

opinion concerning the "cause" of plaintiff Kimberlyn Holt's neurological problems.

Defendant counters that the preliminary report was timely and that Dr. Schaefer had been

identified as a causation and damages expert, rather than a genetics consultant. On August 28,

2002, after Dr. Schaefer submitted his initial report, an MRI was performed on the brain of

Kimberlyn Holt.  Defendant alleges that plaintiffs did not provide this information to Wesley and

that Wesley only received a copy of the MRI films after obtaining authority to go directly to the

office of Dr. Howard Kelfer, a pediatric neurologist in Arlington, Texas, and Kimberlyn Holt's

treating neurologist.  Defendant Wesley alleges that it obtained the MRI films from Dr. Kelfer's

office on September 9, 2005, and immediately sent them to Dr. Schaefer for his review.  Based

on his review of the MRI films, Dr. Schaefer submitted a supplemental report on October 10,

2005, a copy of which was also furnished to plaintiffs.

In their reply, plaintiffs argue that defendant Wesley's representations are disingenious.

Plaintiffs take issue with several of defendant's contentions including, that:  a) on August 28,

2002, an MRI was performed on the brain of Kimberlyn D. Holt, which provided new and

additional medical information; b) these MRI films "were never provided to the Defendants by

Plaintiffs"; c) this film was first obtained from Dr. Kelfer's office on September 9, 2005 and

"immediately sent to Dr. Schaefer for review"; and d) the findings made by Dr. Schaefer are

based upon new medical information contained in the MRI films "which Plaintiffs did not

furnish to Defendants and which was medical information in the files of Plaintiffs' own treating

physician." Plaintiffs argue that defendant Wesley requested the MRI films, made arrangements for its administration, paid for the MRI, and then delayed in producing the MRI films to its own retained expert.  Plaintiffs argue that failure to provide the MRI was defendant Wesley's error.

Without credible explanation, defendant Wesley's expert includes a new alleged cause of Kimberlyn Holt's condition.  The report submitted in 2002 did not allege that in utero problems, rather than brain injury, were the cause of Kimberlyn's neurodevelopmental problems.  Yet, the October 2005 report includes this significant finding as part of Dr. Schaefer's conclusion. Defendant Wesley attempts to argue that plaintiffs are responsible for the delay, alleging that plaintiffs did not provide Wesley with the MRI films for Dr. Schaefer to update his analysis. This ignores the fact that defendant Wesley had a court order that permitted them access to the MRI films. In addition, it was defendant's expert who had asked for this testing in his initial report and Wesley that had arranged and paid for the MRI films.  Taken together, the court cannot conclude that plaintiffs were somehow responsible for the delay.  Defendant Wesley has not provided substantial justification for the delay in supplemental disclosure.  Unlike in the other expert disclosures, this change in finding is extremely prejudicial to plaintiffs.  At the eve of trial, defendant is introducing new conclusions not included in the initial report.  Defendant has not provided any justification for the delay and has not indicated how the delay may be harmless. Under these circumstances, the court grants plaintiffs' motion to strike the supplemental report.

IT IS ACCORDINGLY ORDERED this 25th day of January 2006, that the court denies plaintiffs' Motion to Strike Defendant Wesley Medical Center's Designated Expert Dr. Bruce Flamm (Dkt. No. 422) and denies plaintiffs' Motion to Strike Dr. Flamm's Supplemental Disclosure (Dkt. No. 475).

IT IS FURTHER ORDERED that the court denies plaintiffs' Motion to Strike Defendant James E. Delmore's Designated Expert Dr. John Malone (Dkt. No.424).

IT IS FURTHER ORDERED that the court denies plaintiffs' Motion to Strike Defendant Wesley Medical Center's Expert Dr. Conrad R. Chao (Dkt. No. 426) and denies plaintiffs' Motion to Strike Dr. Chao's Supplemental Disclosure (Dkt. No. 473).

IT IS FURTHER ORDERED that the court denies plaintiffs' Motion to Strike Defendant James E. Delmore's Expert Dr. C. Allen Stringer (Dkt. No. 428).

IT IS FURTHER ORDERED that the court grants plaintiffs' Motion to Strike Defendant Wesley Medical Center's Supplemental Disclosure of Expert Dr. G. Bradley Schaefer (Dkt. No. 472).

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE